FILED

10 JUL 27 PM 3: 39

CLERK, U.S. DISTRICT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK RAMIREZ-RODRIGUEZ,<br><br>　　　　Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | CASE NO. 08-CV-1374 BEN<br>(Relates to 08-CR-748)<br><br>ORDER DENYING MOTION FOR TIME REDUCTION UNDER 28 U.S.C. 2255 AND DENYING MOTION TO DISMISS<br><br>[Docket Nos. 38, 58] |

　　　Before this Court is Defendant/Petitioner Erik Ramirez-Rodriguez ("Petitioner's") Motion for Time Reduction by an Inmate in Federal Custody pursuant to 28 U.S.C. § 2255. (Docket No. 38.) Petitioner's Motion is made on the grounds that Petitioner has two children and a wife who are waiting for him. Also before this Court is Respondent's Motion to Dismiss Petitioner's 2255 Motion on the grounds that Petitioner was released from custody on March 31, 2009. (Docket No. 58.) For the reasons set forth below, the Court **DENIES** both motions.

## RELEVANT BACKGROUND

　　　On February 28, 2008, Petitioner drove across the Mexico border, into California. Petitioner had a prior felony conviction from April 14, 1999 for the sale/transportation of cocaine base.

　　　On March 13, 2008, the United States filed an Information charging Petitioner with one count of illegal re-entry under 21 U.S.C. §§ 1326(a) and (b). (Docket No. 9.)

　　　On April 15, 2008, Petitioner pled guilty to the Information before Magistrate Judge Cathy Ann Bencivengo. (Docket No. 17.) The Magistrate Judge advised Petitioner that the maximum prison term

1 in his case was twenty years. (Opp., Ex. C at 9:12-18.)

2 On May 19, 2008, this Court accepted Petitioner's guilty plea and, based thereon, imposed a
3 prison term of 15 months followed by supervised release for 3 years. (Docket No. 31.)

4 On July 28, 2008 Petitioner filed the Motion currently before this Court. (Docket No. 38.)
5 Respondent filed a Response and Opposition (Docket No. 47); Petitioner did not file a reply.

6 On July 6, 2010, Respondent filed a Motion to Dismiss Petitioner's 2255 Motion. (Docket No.
7 58.) Respondent's motion was made on the grounds that Petitioner was released from custody on
8 March 31, 2009. *Id.*

9 For the reasons set forth below, the Court **DENIES** Petitioner's Motion to Reduce or Vacate
10 Sentence. The Court also **DENIES** Respondent's Motion to Dismiss.

11 <center>**DECISION**</center>

12 **I. PETITIONER WAIVED HIS RIGHT TO CHALLENGE HIS SENTENCE**

13 Petitioner's plea agreement includes a waiver providing, in relevant part,

> . . . defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the guilty plea, conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government. . . or the statutory mandatory minimum term, if applicable.

18 (Opp., Ex. B at pgs. 3-4.)

19 The Ninth Circuit regularly enforces knowing and voluntary waivers in criminal cases where
20 the waivers are part of negotiated guilty pleas. *United States v. Anglin*, 215 F.3d 1064, 1066 (9th Cir.
21 2000). "The sole test of a waiver's validity is whether it was made knowingly and voluntarily." *Id.*
22 at 1068 (citing *United States v. Michlin*, 34 F.3d 896, 898 (9th Cir. 1994)). When a waiver is a term
23 of the plea agreement and the defendant states he understands the agreement, he has knowingly and
24 voluntarily waived his right to appeal. *Michlin*, 34 F.3d at 898-99.

25 The plea agreement's language in this case clearly embraces a waiver of any collateral attack
26 on the imposed sentence, including a Section 2255 motion. *See United States v. Schuman*, 127 F.3d
27 815, 817 (9th Cir.1997) (per curiam). The record reflects that Petitioner's waiver was knowing and
28 voluntary, as evidenced by his initials on each page of the plea agreement and signature at the end of

the agreement. (Opp., Ex. B.) Additionally, when entering the plea before the Magistrate Judge, Petitioner verified his signature and initials on the plea (Opp., Ex. C at 4:24-5:6) and represented that he fully understood the agreement, including the waiver (*Id.* at 6:2-8 and 13:15-14:1). The Court found that there was a factual basis supporting the plea, and that the plea was knowingly and voluntarily made. (Docket No. 22.) Therefore, the Court finds that Petitioner's waiver was made knowingly and voluntarily and, thus, is valid.

In light of the above, the Court finds that, pursuant to the plea agreement, Petitioner waived his right to challenge his sentence. Accordingly, Petitioner's Section 2255 Motion is **DENIED**.

## II. RESPONDENT HAS NOT SHOWN HOW PETITIONER'S RELEASE MOOTS THE SECTION 2255 MOTION

As noted, Petitioner was sentenced to 15 months in custody and 3 years of supervised release. (Docket No. 31; see also Opp., Ex. D at 4:3-8.) Respondent alleges Petitioner was released from custody on March 31, 2009. (Mot., pg. 2.) Even if true, however, Respondent has not shown how such release moots Petitioner's Section 2255 motion, especially in light of Petitioner's supervised release for 3 years, violation of which may send Petitioner back into custody. (Opp., Ex. D at 4:3-5:8) Additionally, Petitioner's sentence in this case may impact Petitioner's probation relating to his prior felony conviction. (Opp., Ex. D at 3:14-19.) Accordingly, the Court finds it may still provide meaningful relief and, as such, finds Petitioner's Section 2255 motion is not moot. *Serrato v. Clark*, 486 F.3d 560, 565 (9th Cir. 2007) (appeal not moot despite intervening release because court could reduce period of supervised release). Respondent has not set forth any other grounds for dismissal of Petitioner's motion.

Respondent's Motion to Dismiss Petitioner's 2255 Motion is **DENIED**.

## CONCLUSION

For the above stated reasons, the Court **DENIES** Petitioner's Motion for Time Reduction by an Inmate in Federal Custody pursuant to 28 U.S.C. § 2255 (Docket No. 38) and **DENIES**

///

///

///

1   Respondent's Motion to Dismiss Petitioner's 2255 Motion (Docket No. 58).

2   **IT IS SO ORDERED.**

4   DATED: 7/27 , 2010

_____
Honorable Roger T. Benitez
Judge United States District Court